IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MMG INSURANCE COMPANY, | |
| Plaintiff, | 2:21-CV-01577-CCW |
| v. | |
| AA REMODELING, | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff MMG Insurance Company's Motion for Default Judgment. *See* ECF No. 9. For the reasons that follow, MMG's Motion will be GRANTED.

**I.    Background**

MMG filed its Complaint in this action on November 3, 20021. *See* ECF No. 1. Defendant AA Remodeling was served on November 5, 2021. *See* ECF No. 6. AA did not file an answer or otherwise respond to the Complaint within the time set by Federal Rule of Civil Procedure 12. Accordingly, on December 8, 2021, MMG requested that default be entered against AA. *See* ECF No. 7. The Clerk entered default against AA the next day. *See* ECF No. 8. MMG then filed the instant Motion on December 23, 2021. *See* ECF No. 9. AA has never entered an appearance in this case.

As relevant here, MMG "requests that a default judgment be entered in its favor permitting MMG to rescind the insurance Policy." ECF No. 9 ¶ 34; *see also* ECF No. 9-1 (proposing order such that "MMG is permitted to rescind the insurance Policy issued to AA Remodeling under Policy No. SC13314812 with effective dates from June 5, 2021 to June 5, 2022."). In sum, MMG alleges that it issued a policy of commercial liability insurance to AA based, in relevant part, on

AA's representations that "its business involved 100 percent residential work and zero percent commercial work" and that AA did not do any roofing work. *Id.* ¶¶ 13–17.

However, as MMG later learned, AA "advertised and held itself out to the public as 'AA Roofing and Home Improvement'" and did, in fact, perform roofing work for commercial customers. *Id.* ¶¶ 19-20. MMG first learned of these misrepresentations following a July 9, 2021, fire at a jobsite where AA was providing commercial roofing services. *See id.* ¶¶ 8–9. As a result, AA's customer "presented a liability claim against AA Remodeling asserting that AA Remodeling was in some respect responsible for the fire and related property damage," which reportedly totaled more than $250,000. *Id.* ¶¶ 10–11.

## II.   Standard of Review

A court may enter default judgment against a defendant who has not appeared and who is neither a minor nor an incompetent person. Fed. R. Civ. P. 55(b). AA is an unincorporated entity, *see* ECF No. 1 ¶ 2; it is therefore neither a minor nor an incompetent person.[1]

"In considering a motion for default judgment, a district court first must be satisfied that it 'has both subject matter jurisdiction over the action and personal jurisdiction over the defendant against whom the default judgment is sought.'" *Tube-Mac Indus. v. Campbell*, No. 2:19-cv-01192-RJC, 2020 U.S. Dist. LEXIS 68630, at *32 (W.D. Pa. Apr. 20, 2020) (Colville, J.) (quoting *Mercedes-Benz Fin. Servs. USA LLC v. Synergistiks, Inc.*, No. 3:18-CV-184, 2019 U.S. Dist. LEXIS 19812, at * 5 (W.D. Pa. Feb. 7, 2019) (Gibson, J.). As such, before entering default judgment, "the court must '(1) determine it has jurisdiction both over the subject matter and parties;

---

[1] The Court notes that although the Servicemember's Civil Relief Act ("SCRA") typically requires a plaintiff seeking a default judgment to submit, in connection with its motion, an affidavit stating "whether or not the defendant is in military service and showing necessary facts to support the affidavit" (or that the plaintiff is unable to determine whether the defendant is a servicemember), 50 U.S.C. § 3931, the Third Circuit Court of Appeals has found that the SCRA's protections do not apply to entities. *See Davis v. City of Phila.*, 821 F.3d 484, 488 (3d Cir. 2016). As such, because the only defendant in this case is AA, an entity, the Court need not consider whether the SCRA's requirements have been satisfied.

(2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages.'" *Auxilium Pharm., Inc. v. FCB I LLC*, Civil Action No. 20-16456, 2021 U.S. Dist. LEXIS 125080, at *5 (D.N.J. July 6, 2021) (quoting *Moroccanoil, Inc. v. JMG Freight Grp. LLC*, No. 14-5608, 2015 U.S. Dist. LEXIS 147376, at *1 (D.N.J. Oct. 30, 2015)).

Once these threshold requirements have been satisfied, the decision to enter default judgment under Rule 55(b)(2) rests within the discretion of the district court. *See Stewart v. Loving Kindness Healthcare Sys.*, Civil Action No. 2:20-cv-1087-RJC, 2021 U.S. Dist. LEXIS 28050 (W.D. Pa. Feb. 16, 2021) (Colville, J.). In evaluating the appropriateness of default judgment, the Court must consider "three factors: '(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct.'" *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). Courts treat all factual allegations of the complaint, except those relating to the amount of damages, as true on a motion for default judgment. *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

**III.   Analysis**

    **A.   The Court Has Jurisdiction**

Here, the Court's jurisdiction is premised on diversity of citizenship, under 28 U.S.C. §1332. MMG is incorporated, and maintains its principal place of business, in Maine. *See* ECF No. 1 ¶ 1. AA is an unincorporated entity, with a principal place of business in Pennsylvania. *See id.* ¶ 2. The application for insurance identifies AA as a "partnership," was signed by Mr. Charles Apitsch, names "Danielle" as the "contact" for AA, and lists a Pittsburgh address for AA. *See* ECF No. 9-2 at 5. And, it appears that the address listed on AA's application, which is the address where AA was served, is a private residence. *See* ECF No. 1 ¶ 2; ECF No. 2 (summons); ECF No. 6 (proof of service noting service made on "Danielle Bruno Apitsch, wife of Charles Apitsch"

3

and that "Danielle said that she is the person listed to contact on the insurance policy"). Next, the Complaint alleges that the amount at issue, based on the fire attributed to AA's commercial roofing work, is in excess of $250,000.

The Court concludes that it has jurisdiction pursuant to 28 U.S.C. § 1332. First, it appears that the parties are completely diverse, given that neither AA nor any of the individuals associated with it appear to be citizens of Maine, like MMG. *See Zambelli Fireworks Mfg. Co. v. Wood,* 592 F.3d 412, 419 (3d Cir. 2010) ("[A] partnership, as an unincorporated entity, takes on the citizenship of each of its partners."). Second, the amount in controversy exceeds $75,000, because the claim presented to MMG for damages allegedly caused by AA exceeds $250,000. Furthermore, the Court has personal jurisdiction over AA, which is an entity conducting business in Pennsylvania within this judicial district.

### B. AA Has Been Served

Under Rule 4(h)(1)(B), an unincorporated entity may be served by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Here, MMG's process server delivered a copy of the summons and Complaint to "Danielle Bruno Apitsch, wife of Charles Apitsch." ECF No. 6. The process server further noted that "Danielle said that she is the person listed to contact on the insurance policy." *Id.* The application for the insurance policy at issue in this case was signed by Charles Apitsch, and lists "Danielle" as the "Contact" for the applicant, AA. *See* ECF No. 9-2 at 5. Accordingly, the Court concludes that MMG properly served AA under the terms of Rule 4(h), *i.e.,* by service on an agent (Ms. Danielle Bruno Apitsch) of AA.

### C. MMG Has Stated a Claim

In its Complaint, MMG seeks a declaration that either (1) "the insurance Policy is rescinded effective on the date of original issuance, June 5, 2019, for material misrepresentation in the

4

application for insurance coverage" or (2) "MMG has no duty to defend or indemnify AA Remodeling due to its material failure to provide assistance and cooperation to MMG as required by the Policy." ECF No. 1 at 7–8. Because MMG's Motion seeks only a declaration as to the former, *see* ECF No. 9 ¶ 34 ("Plaintiff MMG Insurance Company respectfully requests that a default judgment be entered in its favor permitting MMG to rescind the insurance Policy."), the Court need not address the latter category of relief sought in the Complaint.

> Pursuant to 28 U.S.C. § 2201(a),
>
> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

As a threshold matter, "'[a] declaratory judgment or injunction can issue only when the constitutional standing requirements of a "case" or "controversy" are met.'" *Ke v. Dipasquale*, 828 F. App'x 98, 101 (3d Cir. 2020) (quoting *St. Thomas-St. John Hotel & Tourism Ass'n, Inc. v. Gov't of U.S. Virgin Islands*, 218 F.3d 232, 240 (3d Cir. 2000)). Accordingly, "[s]tanding to seek a declaratory judgment exists when 'there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Id.* (quoting *St. Thomas-St. John*, 218 F.3d at 240). That requirement is met here because, given that, as MMG alleges, this action was precipitated by AA's customer presenting MMG a claim for more than $250,000 of damage allegedly caused by AA while AA was performing roofing work on the customer's building. *See* ECF No. 1 ¶¶ 8–11.

Next, "[u]nder Pennsylvania law, 'when an insured secures an insurance policy by means of fraudulent misrepresentations, the insurer may avoid that policy.'" *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 522 (3d Cir. 2006) (quoting *Rohm & Haas Co. v. Cont'l Cas. Co.*, 781 A.2d 1172, 1179 (Pa. 2001)). To state a plausible claim for fraudulent

misrepresentation, MMG must allege facts supporting three elements: "'(1) that the representation was false; (2) that the insured knew that the representation was false when made or made it in bad faith; and (3) that the representation was material to the risk being insured.'" *Id.* (quoting *N.Y. Life Ins. Co. v. Johnson*, 923 F.2d 279, 281 (3d Cir. 1991)).

Here, MMG alleges that when AA applied for insurance in 2019, AA represented that it was engaged in the business of residential carpentry and that it did no roofing work of any kind. *See* ECF No. 1 ¶¶ 12–14. MMG alleges that it relied on these alleged misrepresentations when it issued the insurance policy at issue to AA, and that those same misrepresentations were repeated when AA renewed its insurance in 2020 and 2021. *See id.* ¶¶ 16, 20. Furthermore, both the Complaint and the affidavit of Mr. Derek Hochradel, MMG's Vice President, Commercial Lines, which was submitted by MMG in support of its Motion, state that MMG would not have insured AA had it known that AA performed commercial roofing work. *See id.* ¶¶ 29–30; ECF No. 9-2 ¶¶ 5–8. The Court concludes that MMG has sufficiently alleged facts to state a claim for fraudulent misrepresentation such that, under Pennsylvania law, it would be entitled to rescind the insurance policy it issued to AA.

### D. The *Chamberlain* Factors Weigh in Favor of Default Judgment

Next, turning to the *Chamberlain* factors, the Court concludes that default judgment is warranted in this case. *See Chamberlain,* 210 F.3d at 164. First, MMG will be prejudiced if default judgment is denied because AA's failure to respond prevents MMG from obtaining a declaration as to whether it may rescind the policy (or, in the alternative, whether it has any duty to defend or indemnify AA for the underlying roofing-related claim). Second, given the clear misrepresentations on the face of the insurance application and AA's yearly renewal of the policy without ever correcting those misrepresentations, AA does not appear to have a litigable defense. Third, and finally, MMG has established by affidavit its extensive attempts to contact AA in

6

connection with the underlying claim and this case. *See, generally,* ECF No. 9-3. In addition to AA not entering an appearance in this case, it appears—at least according to MMG—that AA has never responded to any of MMG's numerous attempts to contact it. *See id.* Accordingly, the Court finds that AA's delay is due to culpable neglect. *See Evanston Ins. Co. v. M & M Gen. Carpentry, LLC* ,No. 19-cv-11029 (KSH) (CLW), 2020 U.S. Dist. LEXIS 123343, at *10 (D.N.J. July 14, 2020) (finding that "defendants' failure to answer on its own evince[s] their culpability in the default") (citation omitted).

**IV.    Conclusion**

For the foregoing reasons, MMG's Motion for Default Judge is hereby GRANTED.

IT IS SO ORDERED.

DATED this 20th day of January, 2022.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record